ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| EL PUEBLO DE PUERTO RICO,<br><br>Recurrida,<br><br>v.<br><br>ADRIÁN MERCED CANCEL,<br><br>Peticionaria. | KLCE202301356 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas.<br><br>Criminal núm.: E SC2004G0498.<br><br>Sobre: Art. 401 S.C. |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de enero de 2024.

La parte peticionaria, señor Adrián Merced Cancel, instó el presente recurso por derecho propio el 29 de noviembre de 2023. Luego, conforme le fuese ordenado[1], presentó la *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* el 8 de enero de 2024.

Cumplida parcialmente nuestra orden[2], el 10 de enero de 2024, emitimos una *Resolución* mediante la cual ordenamos que el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, mostrase causa y expusiera las razones por las cuales este Tribunal no debía expedir el auto y revocar la orden del foro primario del 9 de noviembre de 2023.

El 22 de enero de 2024, el Pueblo compareció y solicitó la desestimación del recurso, por virtud del craso incumplimiento del peticionario con los requisitos legales y reglamentarios para perfeccionar su recurso.

Evaluado el recurso, así como la solicitud del Pueblo de Puerto Rico, este Tribunal concluye que procede su desestimación.

---

[1] En nuestra *Resolución* del 15 de diciembre de 2023, ordenamos al peticionario, además, que presentara el apéndice del recurso y los documentos necesarios para perfeccionar el mismo. Ello, **so pena de la desestimación** del recurso. El peticionario se limitó a someter la solicitud para litigar como indigente.

[2] *Véase*, nota al calce, *ante.*

Número identificador

RES2024_____

I

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). Por su parte, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83(B)(1) provee para la desestimación de un recurso por falta de jurisdicción.

B

Reconocemos que la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía,

flexibilizando los procesos apelativos. Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo intermedio. Mucho menos pretendió eliminar los términos jurisdiccionales para acudir en alzada. *Morán v. Martí*, 165 DPR 356, 368-369 (2005).

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Por supuesto, ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

C

Entre los requisitos a satisfacer en un recurso de *certiorari* se encuentra la inclusión de un apéndice. La Regla 34 del Reglamento del Tribunal de Apelaciones dispone que este deberá contener los siguientes documentos:

.        .        .        .        .        .        .        .

(E)  Apéndice

(1) Salvo lo dispuesto en el apartado (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

.        .        .        .        .        .        .        .

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para

presentar la solicitud de *certiorari* y la notificación del archivo en autos de copia de la resolución u orden.

(d) **Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari,* o que sean relevantes a ésta.**

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir a petición de la parte peticionaria en la solicitud de certiorari o en moción o motu proprio a la parte peticionaria la presentación de los documentos del Apéndice a que se refiere esta Regla, con posterioridad a la fecha de presentación del escrito de certiorari, dentro de un término de quince (15) días contado el mismo a partir de la fecha de notificación de la resolución del Tribunal autorizando la presentación de los documentos.

4 LPRA Ap. XXII-B, R. 34. (Énfasis nuestro).

II

Un examen del trámite del recurso que nos ocupa revela que el peticionario incumplió con lo dispuesto en el Reglamento del Tribunal de Apelaciones respecto a la exigencia de adjuntar a su escrito documentos esenciales, tales como la sentencia condenatoria y la acusación. Inclusive, a pesar de habérsele ordenado, el peticionario optó por no cumplir; ello, a pesar de haberle apercibido de que su incumplimiento podía conllevar la desestimación del recurso.

Según citado, un recurso que carece de un apéndice, con los documentos necesarios para poner al tribunal en posición de resolver, impide su consideración en los méritos. La ausencia de los mencionados documentos provocó un entorpecimiento en la consideración de la presente controversia, ya que tan siquiera pudimos constatar lo solicitado por el peticionario al foro inferior.

El peticionario tiene la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar a este foro apelativo en posición de poder revisar al tribunal primario. Asimismo, el hecho de que las partes litigantes comparezcan por derecho

propio, por sí solo, no justifica que ellas incumplan con las reglas procesales.

Las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo y claro de la controversia que tiene ante sí. De otra parte, el Tribunal Supremo ha opinado que, si no se perfecciona un recurso dentro del término provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado.

Consecuentemente, nos es forzoso concluir que el recurso de *certiorari* no se perfeccionó conforme a la reglamentación aplicable y ello nos privó de jurisdicción para atenderlo en sus méritos. La falta de jurisdicción no puede ser subsanada ni el tribunal puede arrogársela cuando no la hay, por lo que nos vemos privados de autoridad para entender en la controversia que se nos propone.

III

A la luz de lo antes expuesto, desestimamos el recurso ante nuestra consideración por falta de jurisdicción.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones